IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GENWORTH LIFE INSURANCE COMPANY, | ) ) ) Case No. 2:23-cv-131 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PEARL HARPER and KIM HART, | ) ) ) |
| Defendants. | ) |

**GENWORTH LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER**

Plaintiff Genworth Life Insurance Company ("Genworth"), by its attorneys, Julie F. Wall and Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC, states as follows for its Complaint for Interpleader:

**PARTIES**

1. Genworth is an insurance company duly organized and existing under the laws of Delaware, with its principal place of business located in Virginia, and is a citizen of the Commonwealth of Virginia and the State of Delaware pursuant to 28 U.S.C. § 1332(c)(1), and not the State of Indiana.

2. Upon information and belief, Pearl Harper is an individual and a resident and citizen of Jackson, Mississippi.

3. Upon information and belief, Kim Hart is an individual and a resident and citizen of Gary, Indiana.

**JURISDICTION AND VENUE**

4. This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 concerning the rights and obligations of the parties pursuant to an individual single premium deferred annuity contract, designated Contract No. xxxxx6575[1], issued by Genworth's predecessor, General Electric Capital Assurance Company, to Marion Mack, as Owner and Annuitant. The Court has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between the two Defendants and the amount at issue is in excess of $500.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District.

**CLAIM FOR RELIEF IN INTERPLEADER**

6. Genworth's predecessor, General Electric Capital Assurance Company, issued Contract No. xxxxx6575 to Marion Mack, as Owner and Annuitant, with an initial single premium of $50,388.27, an effective date of October 14, 2005, and an Annuity Commencement Date of October 14, 2045 (the "Annuity Contract"). At the time the Annuity Contract was issued, the beneficiaries were Pearl Harper, non-spouse, 33%; Katie Olive, non-spouse, 34%; and Kim Hart, non-spouse, 33%. *See* redacted Fixed Deferred Annuity Application and Annuity Contract attached hereto and incorporated herein as Exhibits 1 and 2, respectively.

7. On or about November 12, 2021, Genworth received Letters of Temporary Guardianship dated November 9, 2021, appointing Rita L. Harper and Janet M. Sherrod as temporary co-guardians of the person and estate of Marion Mack. *See* Letters of Temporary Guardianship attached hereto and incorporated herein as Exhibit 3.

---

[1] The Contract No. for the Annuity Contract has been redacted to address privacy concerns and in accordance with the Federal Rules of Civil Procedure.

8. On or about December 9, 2021, Genworth received Letters of Guardianship and an Order Appointing Permanent Guardian Over the Person and Estate of an Incapacitated Adult dated December 2, 2021, appointing Rita L. Harper and Janet M. Sherrod as co-guardians of the person and estate of Marion Mack. *See* Letters of Guardianship and Order Appointing Permanent sGuardian Over the Person and Estate of an Incapacitated Adult attached hereto and incorporated herein as Exhibit 4.

9. On or about January 2, 2022, Genworth received a Beneficiary Change Form requesting to change the beneficiary of the Annuity Contract to Pearl Harper, sister, 100%. *See* redacted Beneficiary Change Form attached hereto and incorporated herein as Exhibit 5. The Beneficiary Change Form was signed by Rita Harper as Co-Guardian for Marion Mack.

10. On or about January 2, 2022, Genworth received a Fixed Annuity Withdrawal Authorization form requesting to withdraw $28,000.00 from the Annuity Contract, with any taxes and fees deducted from the remaining cash value of the Annuity Contract. *See* redacted Fixed Annuity Withdrawal Authorization attached hereto and incorporated herein as Exhibit 6. The Fixed Annuity Withdrawal Authorization was signed by Rita Harper as Co-Guardian for Marion Mack.

11. On or about January 2, 2022, Genworth received an Address Change Form requesting to change the address of record from 4151 W. 21st Place, Gary, IN 46404 to 10042 S. Union Avenue, Chicago, IL 60628. *See* redacted Address Change Form attached hereto and incorporated herein as Exhibit 7. The Address Change Form was signed by Rita Harper as Co-Guardian for Marion Mack.

12. On or about January 26, 2022, Genworth processed a partial withdrawal from the Annuity Contract in the amount of $28,000.00 plus taxes and fees.

13. On June 27, 2022, Marion Mack died. *See* redacted Indiana State Department of Health Certificate of Death attached hereto and incorporated herein as Exhibit 8.

14. On July 11, 2022, Genworth received a telephone call from Gary Goldman, notifying Genworth that Marion Mack died. Mr. Goldman stated that he was calling Genworth on Kim Hart's behalf, that Kim Hart believed she was a beneficiary of the Annuity Contract, and that Marion Mack's guardianship was under appeal.

15. On July 11, 2022, Genworth received a fax from Gary Goldman and Kim Hart, stating that Marion Mack died and enclosing a copy of Marion Mack's death certificate and documentation purporting to show that Marion Mack's guardianship was under appeal. *See* redacted Fax from Gary Goldman dated July 11, 2022 and enclosures attached hereto and incorporated herein as Exhibit 9. Ms. Hart stated that she wished to initiate a death claim under Contract No. xxxxx6575 as she was a legal beneficiary to the contract. *See* Ex. 9.

16. On July 15, 2022, Genworth received a telephone call from Gary Goldman and Kim Hart. Mr. Goldman and Ms. Hart asked if Kim Hart was a beneficiary of the Annuity Contract and offered to send Genworth additional information about the appeal of Marion Mack's guardianship.

17. On October 14, 2022, Genworth received a telephone call from Pearl Harper and Rita Harper. Pearl Harper notified Genworth that Marion Mack died and requested information on the status of the Annuity Contract. Genworth informed Pearl Harper that she was the listed beneficiary under the Annuity Contract and that she would need to submit a claim form and a certified copy of the death certificate.

18. To date, Pearl Harper has not submitted a claim form or a certified copy of the death certificate.

19. The Annuity Contract provides, in relevant part:

**Proof of Death**

We must receive proof of death in a form acceptable to us before we pay the death benefit. Proof of death includes both:
    (1) *Certification of Death:* a certified copy of a death certificate or certified copy of a decree from a court of competent jurisdiction stating the finding of death; and
    (2) *Written Instructions:* written instructions in a form acceptable to us on how to pay the death benefit.

Proof of death will have been received on the date when we have both the certification of death and written instructions. If we have certification of death, but no written instructions, proof of death will be deemed to have been received on the 30th day after the date of the certification of death. . . .

*See* Ex. 2 at 18.

20. Upon information and belief, Katie Olive died on August 14, 2021 and thus predeceased Marion Mack in death. *See* Obituary of Katie M. Olive attached hereto and incorporated herein as Exhibit 10.

21. The Annuity Contract provides, in relevant part:

**Designated Beneficiary When Death Occurs Before Annuity Date**

At the first death of (a) or (b), where:
    (a)    is an Owner or Joint Owner; and
    (b)    is the Annuitant or Joint Annuitant if the Owner or Joint Owner is an entity that the Code classifies as a non-natural person;

all members of the class first listed below having a member alive or in existence on the date of that death is the designated beneficiary:
    (1)    Owner and/or Joint Owner;
    (2)    Beneficiary named by you;
    (3)    Contingent Beneficiary named by you; or
    (4)    Owner's and/or Joint Owner's estate.

\* \* \*

If you named one or more Beneficiaries any death benefit they receive will be paid in equal shares to those surviving the deceased person, unless you have requested otherwise . . . .

*See* Ex. 2 at 18-19.

5

22. The death benefit of the Annuity Contract was $30,877.75 as of June 27, 2022.

23. Pearl Harper and Kim Hart have actual or potential claims to the Annuity Contract's proceeds.

24. Pearl Harper's and Kim Hart's actual or potential claims to the Annuity Contract's proceeds are adverse to and conflict with each other.

25. By reason of these actual and potential adverse and conflicting claims, Genworth is unable to discharge its admitted liability under the Annuity Contract without exposing itself to multiple litigation, liability, or both.

26. Genworth is indifferent as to which of the claimants is entitled to the proceeds of the Annuity Contract and is only interested in paying and discharging its admitted liability under the Annuity Contract once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

27. Contemporaneous with filing this Complaint for Interpleader, Genworth will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Annuity Contract.

**WHEREFORE**, Genworth Life Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Genworth Life Insurance Company leave to deposit the proceeds of the Annuity Contract with this Honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining Pearl Harper and Kim Hart, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Genworth Life Insurance Company in any state or federal court or other

forum with respect to proceeds payable under the terms of Annuity Contract No. xxxxx6575, or on account of the death of Marion Mack, the annuitant, and that said injunction issue without bond or surety;

C. Granting judgment to Genworth Life Insurance Company with the finding that it has no further liability to Pearl Harper or Kim Hart, or to any person or entity claiming through them, for the proceeds payable under the terms of Annuity Contract No. xxxxx6575 or on account of the death of Marion Mack;

D. Entering an Order finding that Genworth Life Insurance Company has acted in good faith by interpleading the proceeds of Annuity Contract No. xxxxx6575 and depositing its admitted liability with the Clerk of the Court;

E. Entering judgment in favor of Genworth Life Insurance Company, and against Pearl Harper and Kim Hart, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing Genworth Life Insurance Company from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Pearl Harper and Kim Hart, to litigate their claims and contentions to the proceeds of Annuity Contract No. xxxxx6575, without further involving Genworth Life Insurance Company;

G. Awarding Genworth Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or its Clerk; and

H. Granting Genworth Life Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: April 19, 2023.

                        Respectfully submitted,

                        CHITTENDEN, MURDAY & NOVOTNY, LLC

                        By: /s/ Julie F. Wall
                              One of the Attorneys for Plaintiff
                              Genworth Life Insurance Company

Julie F. Wall (jwall@cmn-law.com)
Kaitlyn E. Luther (kluther@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)